**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

David Tevosyan,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-04151-PHX-MTL (ASB)

**ORDER**

Pending before the Court is *pro se* Petitioner David Tevosyan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his immigration detention.

**I.**

Petitioner is a native of Armenia who entered the United States on August 10, 2024, and taken into immigration custody on June 2, 2025. An Immigration Judge ordered Petitioner removed from the United States on September 15, 2025, and Petitioner's appeal of the IJ's decision remains pending before the Board of Immigration Appeals.

The Petition raises thirteen grounds for relief and seeks release from custody. (Doc. 1.) The Court dismissed all grounds, except Ground Seven. (Doc. 4 at 8.) In Ground Seven, Petitioner asserts a violation of the Fifth Amendment and the Administrative Procedure Act based on an allegation that ICE and DHS officials did not comply with 8 C.F.R. § 287.3(c) and (d) after his warrantless arrest. (Doc. 1 at 8.) Respondents filed a response to Ground Seven, (Doc. 10), and Petitioner filed a reply, (Doc. 13).

**II.**

Section 287.3(c) requires an "alien arrested without warrant and placed in formal proceedings" to "be advised of the reasons for his or her arrest," "the right to be represented at no expense to the Government," and "that any statement made may be used against him or her in a subsequent proceeding." 8 C.F.R. § 287.3(c) And absent special circumstances, Section 287.3(d) requires a determination regarding "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

As factual support for Petitioner's contention that he is entitled to relief because of ICE and DHS's violation of Section 287.3(c) and (d), Ground Seven of the Petition alleges that the "ICE agents" that detained Petitioner "did not have a warrant and did not tell him why he was being arrested." (Doc. 1 at 8.) It further alleges that "Petitioner was not informed by ICE/DHS regarding the decision to continue detained [*sic*]." (*Id.*)

Petitioner, however, fails to advance any allegation of prejudice resulting from the alleged violations. A "[v]iolation of a regulation renders a deportation unlawful only if the violation prejudiced interests of the alien which were protected by the regulation." *United States v. Calderon-Medina*, 591 F.2d 529, 531 (9th Cir. 1979). To show prejudice, the alien must demonstrate that the violation "harmed [his interests in such a way as to affect potentially the outcome" of the proceedings. *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir. 1986). Here, that would require Petitioner to allege facts showing how the asserted failures affected him. Instead, Ground Seven of the Petition offers only general assertions that appear to be drawn from a form. It does not even supply the date of Petitioner's arrest, although there is a fillable line for the date that is left blank. (*See* Doc. 1 at 8.) The Petition says nothing about how any of the asserted lapses affected Petitioner's proceedings or custody. Because Petitioner does not allege prejudice from the purported violations of 8 C.F.R. § 287.3(c) and (d), the violations are not actionable.

Ground Seven—the sole remaining ground raised by the Petition—is thus without merit. Petitioner is not entitled to relief.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is **DENIED**. The Clerk of Court must enter judgment of dismissal without prejudice and close this case.

Dated this 26th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge